IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JAMES LAMAR LYONS, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV208-040 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR206-4) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant James Lamar Lyons ("Lyons"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response, and Lyons filed a Reply. For the reasons which follow, Lyons' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Lyons was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Lyons was sentenced to 63 months' imprisonment and 3 years' supervised release. Lyons filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed Lyons' conviction and sentence. United States v. Lyons, 200 F. App'x 917 (11th Cir. 2007).

In the instant motion, Lyons contends he received ineffective assistance of counsel. Lyons also contends the undersigned was prejudiced against him. Lyons

further contends prosecution witnesses provided false and conflicting testimony. The Government asserts Lyons' motion should be denied.

**DISCUSSION AND CITATION TO AUTHORITY**

I.  **Ineffective Assistance of Counsel Claims**

Lyons alleges his trial and appellate counsel, N. Daniel Lovein ("Lovein"), provided ineffective assistance in several ways. Lyons asserts Lovein did not object to witnesses testifying to events using the qualifier "I believe", nor did Lovein make witnesses testify using factual statements, rather than "I believe". Lyons avers Lovein failed to obtain subpoenas for the trial. Lyons also avers Lovein failed to present evidence that his life had been threatened or to speak with any potential witnesses to prepare a defense. Lyons contends Lovein only presented issues at trial which had been decided adversely to him. Lyons also contends Lovein failed to object to the prosecution's use of Lyons' statements against him and to the exclusion of evidence omitted from discovery, such as a <u>Miranda</u> waiver form. Lyons further contends he called the Clerk of Court on several occasions to obtain information Lovein did not have.

The Government asserts Lyons' claims that he had the right to present evidence of remote-in-time threats as a defense to the § 922(g)(1) charge are without merit. The Government contends § 922(g)(1) is a strict liability offense, and a justification offense is reserved for an "extraordinary circumstance" which was not present in Lyons' criminal case. (Doc. No. 7, p. 6). The Government alleges Lovein vigorously defended Lyons and that, if Lovein informed Lyons he had no defense, such was a "sound professional assessment." (<u>Id.</u> at 7).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

There were only three (3) witnesses who testified during Lyons' trial: Michael Lawson, Josh Williams, and Mark Ratliff. All of these witnesses exhibited a great deal of certainty during their testimony. A review of the transcript of the trial reveals only one

AO 72A
(Rev. 8/82)

3

(1) instance of these witnesses testifying using "I believe" as a qualifier: when Lovein offered to show Ratliff two (2) exhibits, he replied "I believe I have copies of those." (CR206-4, Doc. No. 71, p. 58). There was no reason for Lovein to object to Ratliff's testimony, and Lyons' assertion to the contrary is without merit. Likewise, Lyons' assertion that Lovein allowed witnesses to testify to events using "I believe" as a qualifier is patently without merit, as the trial transcript clearly points to the contrary.

Equally without merit is Lyons' contentions that Lovein was ineffective for not presenting evidence of an alleged threat on Lyons' life and for failing to speak to any potential witnesses to prepare a defense. Section 922(g)(1) is "a strict liability offense, which ordinarily renders a defendant's state of mind irrelevant." United States v. Rice, 214 F.3d 1295, 1297 (11th Cir. 2000) (citing United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998)). However, a defendant can assert a justification defense to a § 922(g)(1) charge if he can establish four elements: 1) he "was under an unlawful and present, imminent, and impending threat of death or serious bodily injury;" 2) he "did not negligently or reckless place himself in a situation where he would be forced to engage in criminal conduct;" 3) he "had no reasonable legal alternative to violating the law; and" 4) "there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." Id. The justification defense to a felon in possession of a firearm charge is "reserved for 'extraordinary circumstances.'" Id. (quoting United States v. Deleveaux, 205 F.3d 1292, 1298 (11th Cir. 2000)). "The first prong [of this defense] requires nothing less than an *immediate* emergency." Id. (emphasis supplied).

Lovein did not present a justification defense during the trial of this case, but he did present a proposed justification charge to the Court. (CR206-4, Doc. No. 29, p. 15).

Assuming, *arguendo*, that Lovein's failure to present a justification defense is deficient performance, Lyons cannot overcome the higher burden of showing Lovein's deficient performance caused any prejudice to inure to Lyons. The justification defense to the § 922(g)(1) charge Lyons faced would have failed on at least two (2) of the four (4) prongs necessary to bring a successful defense to the felon in possession charge. The record indicates Lyons received information "several months before his arrest in June 2005" that his former girlfriend was trying to have Lyons killed. (Presentence Investigation Report, ¶ 15). In addition, Lyons contends he called the police in May 2005 to report the threat against his life. (Doc. No. 1, p. 7). Accepting these contentions as true, Lyons' assertions do not establish he faced an immediate emergency necessitating his possession of a firearm at the time of his arrest. See United States v. Parker, 566 F.2d 1304, 1305-06 (5th Cir. 1978) (a defendant's possession of a gun for thirty minutes after being attacked in his home did not establish a justification defense). Additionally, if Lyons' life had been threatened more recently than May 2005, he could have reported this threat to the police rather than choosing to arm himself, which was a prohibited action given Lyons' status as a convicted felon. In short, Lyons has not overcome his burden in establishing Lovein's assistance was ineffective for these reasons.

Further, Lovein filed an Application for Subpoenas to compel the attendance of Jimmy Newbern and Demetric Myers at trial. (CR206-4, Doc. No. 36). The undersigned denied Defendant's Application at that time because the trial of the case had been continued to a later date. (CR206-4, Doc. No. 40). Thus, Lovein cannot be said to have rendered ineffective assistance for failing to obtain subpoenas.

Moreover, Lovein did not render ineffective assistance in arguing issues at trial which were ruled on previously in motions hearings, allowing Lyons' statements to be used against him without objection, or by failing to object to evidence, such as the Miranda waiver form, being omitted from discovery. As noted above, only three (3) witnesses testified during the trial of this case, and two (2) of these witnesses were the police officers who came to Lyons' residence on the day he was arrested. Lovein raised issues with the officers which he had argued before the undersigned, but Lovein felt "the jury should hear how the home was searched and what was obtained and how Mr. Lyons was arrested." (Doc. No. 71, p. 26). This seems to have been a strategic decision on Lovein's part, and this decision was reasonable in light of a section 922 charge being a strict liability defense. It was likewise a reasonable strategic decision to not object to Lyons' statements being used against him. This Court had already determined that Lyons' statements were not subject to suppression. If Lovein would have objected to the use of Lyons' statements, his objections would have been overruled. Finally, although Lovein did not object, per se, to the omission of certain documents from evidence, he did question the officers about the department's standard procedure regarding a Miranda rights waiver form and a consent to search form and the lack of physical evidence that either of these forms were signed by Lyons. Lovein tendered a blank copy of each of these forms into evidence. (Id. at 27-28, 31-32).

Finally, Lyons' remaining two (2) assertions of ineffective assistance—that he had to call the Clerk of Court several times to obtain information his attorney did not have and that he sought to have a change in counsel—are without merit. Lyons makes nothing more than bare assertions as to these claims, and he cannot do so in a section

2255 proceeding. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir. 1992) (stating that a petitioner must set forth sufficient allegations to demonstrate that he is entitled to his requested relief).

The record before the Court indicates there is no merit to Lyons' bare assertions that Lovein rendered ineffective assistance. Even if Lovein had provided deficient performance to Lyons, Lyons cannot show he was prejudiced by Lovein's assistance.

## II. Contentions not Raised on Appeal

Lyons contends the undersigned showed prejudice against him and bias toward the police. Lyons asserts the undersigned: 1) made an inappropriate statement during the change of counsel hearing; 2) used conflicting and non-factual testimony by the police officers to deny Lyons' motion to suppress; 3) denied Lyons' request for new counsel; and 4) denied Lyons' request for subpoenas. Lyons also contends the prosecution witnesses provided false, conflicting testimony. Specifically, Lyons asserts the witnesses intentionally used "I believe" throughout their testimonies to avoid perjury charges, denied knowledge of crucial aspects of his motion to suppress, and misrepresented the events leading to his arrest. Lyons also asserts Officer Williams reviewed Officer Lawson's report before his appearance in court and used that information as his own testimony. Lyons alleges both officers testified that they did not have "consent to search forms in either vehicle." (Doc. No. 1, p. 6). Lyons contends evidence was left out of the discovery packet the Government provided, as there was no Miranda rights waiver form in the discovery papers. Lyons also contends the officers

testified that they did not have a waiver form signed by Lyons and that the form must have been lost in transition. Finally, Lyons asserts there was evidence of a death threat having been made against him.

Although § 2255 does not specifically include a statutorily mandated exhaustion of remedies requirement before a writ of habeas corpus petition can be brought, federal courts have created an exhaustion requirement. See Reed v. Farley, 512 U.S. 339, 354 (1994). A section 2255 petition cannot be a substitute for a direct appeal; therefore, a petitioner is procedurally defaulted from seeking habeas relief on claims that he could have raised on direct appeal. Id. If a petitioner has not raised an available issue on direct appeal, he has waived his right to appeal. This procedural default can be overcome by showing "cause" for the waiver of a direct appeal and "actual prejudice resulting from the alleged error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "Constitutionally ineffective assistance of counsel can constitute cause" to overcome a procedural default. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000). However, such a claim must have merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Lyons has presented only bare assertions for these enumerations of error. To the extent Lyons wishes to assert Lovein provided ineffective assistance during the appellate process by failing to raise these issues on appeal, such a claim is without merit. As outlined in the preceding section, Lyons has the burden of showing his counsel rendered ineffective assistance. Lyons has failed to make such a showing. Thus, Lyons has not established cause to excuse the procedural default on these issues and is not entitled to his requested relief.

### III. Issues Raised on Appeal

Lyons avers he was not read his Miranda rights prior to Officer Lawson interviewing him. Lyons asserts the searches of his home and vehicle were illegal, as the police used deception to get into his home, coerced him in an attempt to get permission for a search, and the police did not have his consent to search.

A district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. Nyhuis, 211 F.3d at 1343. Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255, unless there has been an intervening change in the law. Id.; Davis v. United States, 417 U.S. 333, 342 (1974). The mere re-characterization of a claim that was brought on direct appeal does not merit a district court's review on a different, yet previously available, legal theory. Nyhuis, 211 F.3d at 1343.

The Eleventh Circuit affirmed Lyons' conviction. In so doing, the Eleventh Circuit determined this Court "did not clearly err when it concluded that Lyons voluntarily consented to the search of his truck and both searches of his home." Lyons, 220 F. App'x at 920. The Eleventh Circuit also determined this Court did not err in admitting into evidence Lyons' post-arrest statements. Id.

The Eleventh Circuit has rejected Lyons' assertions that the searches of his truck and home were illegal and that his post-arrest statements should be suppressed. Lyons has not shown there has been an intervening change in law which would require this Court to entertain these claims. In addition, Lyons' attempt to recharacterize the claims he brought on appeal is unavailing. Accordingly, Lyons is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lyons' motion to set aside, vacate, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE